# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[3] MANUEL SOTO-MENDEZ,

Defendant.

CRIMINAL NO.  17-205 (ADC)(HRV)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### *Introduction*

Pro se defendant Manuel Soto-Mendez (hereinafter "Mr. Soto-Mendez") moves the Court for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  In his compassionate release motion, he alleges that an intervening change in the law related to the safety valve provision as well as his post-sentence conduct constitute extraordinary and compelling reasons warranting the requested sentencing reduction.  He further argues that the relief requested is consistent with the 18 U.S.C. § 3553(a) factors.  The United States has not filed a response to the defendant's motion.

This matter has been referred to me for report and recommendation. For the reasons that follow, I recommend that the defendant's motion for compassionate release be DENIED.

1

### Background

On January 9, 2019, Mr. Soto-Mendez pleaded guilty to Count One of the Indictment. (Docket Nos. 199, 204).   Count one charged him and others with a conspiracy to import five (5) kilograms or more of cocaine into the United States from a place outside thereof.   (Docket No. 17). He accepted responsibility for a stipulated amount of at least 50 but less than 150 kilograms of cocaine. (Docket No. 199 at 4).

On April 4, 2019, the Court sentenced Mr. Soto-Mendez to 120 months of imprisonment and a five-year term of supervised release. (Docket Nos. 241, 242).  Mr. Soto-Mendez filed his motion for compassionate release on June 27, 2023. (Docket No. 328).  On February 23, 2024, the presiding District Judge referred the motion to me for report and recommendation. (Docket No. 346).

### Applicable Law and Discussion[1]

Mr. Soto-Mendez argues that if sentenced today, he would be eligible for the safety valve, and consequently for a sentence below the statutory minimum term of ten years, because the First Step Act of 2018 ("FSA") expanded the eligibility requirements.  This, he claims, is a change in the law that should be considered an extraordinary and

---

[1] Mr. Soto-Mendez included a section in his motion about exhaustion of administrative remedies.  In it, he contends that he initially filed a request with the Warden of the FCI Pollock institution and that after his request was denied, he appealed the decision at all administrative levels.  Defendant refers to an Attachment A, but no such attachment was included.  Regardless, the exhaustion requirement is not a jurisdictional bar; rather, it is a mandatory claim processing rule. *See United States v. Texeira-Nieves*, 23 F.4th 48, 53 (1st Cir. 2022)("In our judgment . . . [the] exhaustion requirement is not a jurisdictional limitation . . . ."). As such, the government can waive it "either expressly or by failing to raise it as a defense." *United States v. Newton*, No. 17-cr-0073-JAW, 2023 WL 8529442; 2023 U.S. Dist. LEXIS 218588 (D. Me. Dec. 8, 2023)(citations omitted).   In this case, by not responding to the defendant's motion, the government has waived any argument regarding failure to exhaust administrative remedies.

compelling reason to reduce his term of imprisonment.  Mr. Soto-Mendez also contends that the section 3553(a) factors support the requested reduction.  As discussed below, Mr. Soto-Mendez is mistaken.

The so-called compassionate release statute allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and... impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).  This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023).

With respect to the first prong—whether the reasons advanced by the defendant are extraordinary and compelling—the determination is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021).  "The plain meaning of 'extraordinary' suggests that a qualifying reason must be a reason that

is beyond the mine-run either in fact or in degree . . . .   By the same token, the plain meaning of 'compelling' suggests that a qualifying reason must be a reason that is both powerful and convincing." *Id.* (citations omitted).

Prior to November 1, 2023, and because the Sentencing Commission had not issued any policy statements applicable to prisoner-initiated compassionate release motions, the First Circuit held that district courts had discretion to "consider any complex of circumstances raised by a defendant, as forming an extraordinary and compelling reason warranting relief." *United States v. Ruvalcaba*, 26 F.4th 14, 28 (1st Cir. 2022).   The Court of Appeals concluded that non-retroactive changes in the law, could be considered in the determination of whether extraordinary and compelling reasons existed in a particular case. *Id.* at 24.   Subsequently, in *United States v. Trenkler*, 47 F.4th 42, 47-48 (1st Cir. 2022), it was clarified that pursuant to the holding in *Ruvalcaba*, district courts "may conduct a holistic review to determine whether the individualized circumstances [of the defendant], taken in the aggregate, present an 'extraordinary and compelling' reason to grant compassionate release," including alleged sentencing errors.

It is imperative to note that the Sentencing Commission's policy statement regarding defendant-filed motions for compassionate release is now in effect. *See* U.S.S.G. § 1B1.13 (Nov. 1, 2023).   Consequently, the court "must take heed of" the policy statement as noted in *United States v. Rivera-Rodriguez*, 75 F.4th 1, 18 n.22 (1st Cir. 2023), and consider its scope in deciding what constitutes an extraordinary and compelling reason.   *United States v. Quiros-Morales*, 83 F.4th at 84.

In the policy statement, the Sentencing Commission has identified six circumstances that individually or in combination may provide extraordinary and compelling reasons for a reduction in sentence. U.S.S.G. § 1B1.13(b). These are: certain medical circumstances such as a terminal illness or inability to receive medical care while incarcerated, *id.*, § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the defendant having been the victim of sexual or physical abuse by or at the direction of a correctional officer, *id.* § 1B1.13(b)(4); a catch-all provision of any other reason or combination of reasons similar in gravity to those described in (1) through (4), *id.* § 1B.13(b)(5); and the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).  Relevantly, the policy statement further provides:

> Except as provided in subsection (b)(6), **a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.** However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c)(emphasis added).

After careful consideration, I find that Mr. Soto-Mendez has not established the existence of extraordinary and compelling reasons to justify a reduction of his sentence. First, the record shows that he was sentenced after the FSA was enacted.  He was sentenced in April of 2019, which means that the expanded eligibility for safety valve relief was already in place at the time of his sentencing hearing.  Therefore, his argument

that there has been an intervening change in the law is a non-starter.  Further, a review of the record shows that he was eligible for the safety valve, even if the FSA had not expanded the eligibility requirements.  At the time of sentence, and according to the Pre-Sentence Investigation Report (Docket No. 222), Mr. Soto-Mendez had zero (0) criminal history points; there was no evidence of violence, threats or possession of firearms, nor death or serious bodily injury resulting; and he was not characterized as a leader or organizer.  It is not clear why, at the time, Mr. Soto-Mendez did not avail himself of the benefit of the safety valve.  But the suggestion that he only became eligible after the FSA expanded eligibility is wrong.  In any event, after the pertinent policy statement entered into effect, a non-retroactive change in the law, standing alone, "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c).

Having found that extraordinary and compelling reasons do not exist in this case to justify granting relief to Mr. Soto-Mendez, I need not address the remaining two prongs of the analysis.

### Conclusion

In view of the above, I recommend that the motion for compassionate release at Docket No. 328 be DENIED.[2]

---

[2] I also recommend that the motion at Docket No. 330 requesting status of the pending compassionate release motion be mooted in light of the instant report and recommendation.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 7th day of March, 2024.

<u>S/Héctor L. Ramos-Vega</u>
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE